**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MICHELLE R. KIRBY, | ) | NO. SA CV 12-621-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on April 24, 2012, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on May 22, 2012.

Plaintiff filed a motion for summary judgment on October 4, 2012. Defendant filed a motion for summary judgment on October 25, 2012. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed April 25, 2012.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability based on a combination of alleged impairments (Administrative Record ("A.R.") 42-672). An Administrative Law Judge ("ALJ") found that, despite severe impairments, Plaintiff retains the residual functional capacity to perform a restricted range of light work (A.R. 27-29). One of the restrictions on the work Plaintiff can perform is a restriction to no more than occasional reaching "at or above the shoulder level" (A.R. 29). A vocational expert testified that a person so restricted could perform significant numbers of cashier II, office helper, and charge account clerk jobs (A.R. 67-68). The ALJ did not ask the vocational expert whether the expert's testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT") (A.R. 68-69). According to the DOT, the jobs of cashier II, office helper and charge account clerk require reaching "frequently." See DOT §§ 205.367-014, 211.462-010, 239.567-010. The ALJ relied on the vocational expert's testimony in finding Plaintiff not disabled (A.R. 33-34). The Appeals Council denied review (A.R. 1-3).

///
///
///
///

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

**DISCUSSION**

Social Security Ruling 00-4p[1] provides:

> Occupational evidence provided by a [vocational expert] generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between [vocational expert] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert] evidence to support a determination or decision about whether the claimant is disabled. At the

---

[1] Social Security rulings are "binding on ALJs." Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990); see 20 C.F.R. § 422.408.

3

> hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire on the record, as to whether or not there is such consistency. . . . When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT.

"The procedural requirements of SSR 00-4p ensure that the record is clear as to why an ALJ relied on a vocational expert's testimony, particularly in cases where the expert's testimony conflicts with the [DOT]." Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007); see Light v. Social Security Administration, 119 F.3d 789, 794 (9th Cir. 1997) (error exists where "[n]either the ALJ nor the vocational expert explained the reason for departing from the DOT"); Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) ("an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation").

In the present case, the ALJ erred by failing to "inquire, on the record, as to whether or not" the vocational expert's testimony was consistent with the information in the DOT. See SSR 00-4p. Whether this error was material depends on whether there existed "an apparent unresolved conflict" between the vocational expert's testimony and the DOT. See id.
///
///

1        Plaintiff appears to contend that a restriction to no more than
2   occasional reaching "at or above the shoulder level" conflicts with
3   the DOT's requirement of reaching "frequently" (Plaintiff's Motion at
4   12).  Defendant denies any conflict.  Neither party appears to dispute
5   that in social security parlance, "frequently" means more often than
6   "occasionally," and "reaching" means "extending the hands and arms in
7   any direction."  See SSR 85-15 (emphasis added).  Still, while
8   Plaintiff posits an inconsistency between frequent reaching and a
9   restriction to no more than occasional reaching "at or above the
10  shoulder level," Defendant conceptualizes reaching "at or above the
11  shoulder level" as a "subset of the general category of reaching"
12  (Defendant's Motion at 5).  According to Defendant, this "general
13  category"-"subset" relationship permits a vocational expert to opine
14  regarding particular jobs' lack of "at or above the shoulder level"
15  reaching requirements without ever coming into conflict with the DOT
16  (Id.).

18       Several courts, including some judges of this Court, have
19  discerned a conflict between the requirement of frequent reaching and
20  a preclusion or restriction on reaching above the shoulder level.  See
21  Duff v. Astrue, 2012 WL 3711079, at *3-4 (C.D. Cal. Aug. 28, 2012);
22  McQuone v. Astrue, 2012 WL 3704795, at *3-4 (E.D. Cal. Aug. 24, 2012);
23  Newman v. Astrue, 2012 WL 1884892, at *5 (C.D. Cal. May 23, 2012);
24  Richardson v. Astrue, 2012 WL 1425130, at *4-5 (C.D. Cal. April 25,
25  2012); Bentley v. Astrue, 2011 WL 2785023, at *3-4 (C.D. Cal. July 14,
26  2011); Bermudez v. Astrue, 2011 WL 997290, at *3-4 (C.D. Cal.
27  March 21, 2011); Hernandez v. Astrue, 2011 WL 223595, at *5 (C.D. Cal.
28  Jan. 21, 2011); Mkhitaryan v. Astrue, 2010 WL 1752162, at *3 (C.D.

Cal. April 27, 2010); Caruso v. Astrue, 2008 WL 1995119, at *7 (N.D. N.Y. May 6, 2008); see also Prochaska v. Barnhart, 454 F.3d 731, 736 (7th Cir. 2006) ("It is not clear to us whether the DOT's requirements include reaching above shoulder level and this is exactly the sort of inconsistency the ALJ should have resolved with the expert's help").

Yet, several courts, including some judges of this Court, have discerned no conflict between the requirement of frequent reaching and a preclusion or restriction on reaching above the shoulder level. See Lidster v. Astrue, 2012 WL 13731, at *3 (S.D. Cal. Jan. 3, 2012); Provenzano v. Astrue, 2009 WL 4906679, at *5 (C.D. Cal. Dec. 17, 2009); Fuller v. Astrue, 2009 WL 4980273, at *2 (C.D. Cal. Dec. 15, 2009); Rodriguez v. Astrue, 2008 WL 2561961, at *2 (C.D. Cal. June 25, 2008).

On the present record, this Court is unable to conclude that the ALJ's violation of SSR 00-4p was harmless. As suggested by much of the case law, a conflict between the vocational expert's testimony and the information in the DOT may well exist. The DOT may well contemplate a requirement of omnidirectional reaching. See SSR 85-15 ("any direction"). Moreover, as one court held in a similar context, an ALJ's failure to comply with the procedural requirements of SSR 00-4p leaves the court's review too speculative when a potential conflict of this type exists between a vocational expert's testimony and the information in the DOT. See Dickerson v. Astrue, 2008 WL 2563251, at *8 (W.D. Va. June 23, 2008). Social Security law does not permit speculation regarding the vocational requirements of particular jobs. See Burkhart v. Bowen, 856 F.2d 1335, 1341 (9th Cir. 1988). Thus,

1  this Court properly cannot affirm the ALJ's decision based on the
2  seemingly plausible speculation that there exist significant numbers
3  of cashier II, office helper or charge account clerk jobs which
4  require only occasional reaching at or above the shoulder level.

**CONCLUSION AND ORDER**

8     The error discussed above was potentially prejudicial to the
9  ALJ's decision, such that the decision must be reversed.  See McLeod
10 v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011) (reversal appropriate
11 where "the reviewing court can determine from the 'circumstances of
12 the case' that further administrative review is needed to determine
13 whether there was prejudice from the error").  When a court reverses
14 an administrative determination, "the proper course, except in rare
15 circumstances, is to remand to the agency for additional investigation
16 or explanation."  INS v. Ventura, 537 U.S. 12, 16 (2002) (citations
17 and quotations omitted).  Remand is proper where, as here, additional
18 administrative proceedings could remedy the defects in the decision.
19 See Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

7

Therefore, Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.[2]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 1, 2012.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the payment of benefits would not be appropriate at this time.

8